# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC** | **CIVIL ACTION NO.:** |
| | **SECTION** |
| V. | **JUDGE** |
| | **MAGISTRATE JUDGE** |
| **8.22 ACRES, MORE OR LESS, SITUATED IN IBERVILLE PARISH, LOUISIANA, MURRELL FAMILY L.L.C, AND FOREST HOME PLANTATION, L.L.C** | |

## FLORIDA GAS TRANSMISSION COMPANY, LLC'S ORIGINAL COMPLAINT IN CONDEMNATION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Florida Gas Transmission Company, LLC ("Florida Gas"), to file this Original Complaint for Condemnation pursuant to Rule 71.1 of the Federal Rules of Civil Procedure for an Order of Condemnation for (1) a perpetual, exclusive servitude for the construction, maintenance, operation, and use of a pipeline surface site facility ("Surface Site Servitude"); and (2) a perpetual, non-exclusive servitude for the construction, maintenance, operation, and use of an access road to the area encumbered by the proposed Surface Site Servitude ("Access Servitude") (collectively, the "Servitudes"), both of which are needed for the continued safe operation of Florida Gas' existing pipeline. Florida Gas further requests injunctive relief from this Court allowing Florida Gas immediate possession of the Servitudes.

## PARTIES

1.

Florida Gas is a Delaware limited liability company authorized to and doing business in the State of Louisiana with its principal place of business in Texas. Under the Natural Gas Act, 15 U.S.C. §717 *et seq.*, Florida Gas is a natural gas company. Florida Gas is engaged in the transportation of natural gas in interstate commerce, pursuant to 15 U.S.C. §717(b).

2.

Pursuant to 15 U.S.C. §717f(h), Florida Gas files this lawsuit to condemn the Servitudes which are necessary for the continued safe operation of its FERC-approved Chacahoula Pipeline.

3.

Defendants are properties over which the Servitudes are sought to be condemned (the "Properties"), as well as the persons or entities who claim or may claim an interest in the Properties (the "Owners"). A description sufficient to identify the Properties is attached as Exhibit A to this Complaint. A list of the Owners and their ownership interests in the Properties is attached as Exhibit B to this Complaint. An aerial photograph identifying the location of Surface Site Servitude on the Properties is attached hereto as Exhibit C. An aerial photograph identifying the location of Access Servitude on the Properties is attached hereto as Exhibit D – F.

## JURISDICTION AND VENUE

4.

This is an *in rem* action by Florida Gas pursuant to 15 U.S.C. §717f(h) for the taking of the Servitudes on contiguous properties located in Iberville Parish, Louisiana, pursuant to the authority of eminent domain and for the determination and award of just compensation to the Owners. This Court has subject matter jurisdiction under 15 U.S.C. §717f(h), the Natural Gas Act. The Court

additionally has subject matter jurisdiction under 28 U.S.C. § 1331, because this lawsuit arises under the laws of the United States.

5.

Pursuant to 15 U.S.C. §717f(h), the amount claimed by the Owners for the property rights to be condemned herein exceeds $3,000.

6.

Venue is proper in the District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2), because the Properties are located within that judicial district.

## AUTHORITY AND NEED FOR TAKING

7.

Florida Gas is engaged in the transportation of natural gas in interstate commerce and is, therefore, a natural gas company within the meaning of the Natural Gas Act. 15 U.S.C. § 717(a)(6). As an interstate natural gas pipeline company, Florida Gas is regulated by the Federal Energy Regulatory Commission ("FERC"). 15 U.S.C. §717f.

8.

Since 1959, Florida Gas has operated a 14-inch natural gas pipeline named the Chacahoula Lateral Line (the "Pipeline") that traverses a portion of the Properties.

9.

On November 10, 1982, FERC issued a blanket Certificate of Public Convenience and Necessity ("FERC Certificate") authorizing Florida Gas to conduct many routine activities on a self-implement basis without further authorization by FERC, including those specified in Subpart F of Part 157 of the Commission's Regulations, *inter alia*, to construct, operate and maintain pipelines and other stations, appurtenances, and equipment necessary for the proper operation of

its pipelines, including the Pipeline. A true and complete copy of the certificate is attached hereto as Exhibit G.

10.

The FERC Certificate applies to the facilities owned and operated by Florida Gas under FERC jurisdiction, including to the Pipeline and associated facilities.

11.

The routine activities authorized by the FERC Certificate include, among other things, the specified routine activities, including minor construction projects, without significant FERC involvement, and operation of facilities necessary to transport natural gas in interstate commerce. *See* 18 C.F.R. § 157.203(a)-(b); 18 C.F.R. § 157.208(a).

12.

In addition to the FERC regulation, the Pipeline is subject to regulation by the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). *See* 49 C.F.R. § 192.1.

13.

As part of Florida Gas's implementation of the pipeline integrity management process established by PHMSA under 49 C.F.R. §§ 192.950, 192.710, 192.921, Florida Gas has confirmed the need to construct and operate surface site facilities on the Properties in order to meet rigorous standards of pipeline safety, pursuant to PHMSA regulations. Additionally, access to the proposed surface site facilities is required for the facilities' construction, maintenance, and operation.

14.

The construction and use of the surface site facilities and access road for the safe operation of the Pipeline is a routine activity covered by Florida Gas's blanket FERC Certificate. *See* 18 C.F.R. § 157.203(b); 18 C.F.R. § 157.208(a). Additionally, because the cost of the construction

and access road do not equal or exceed the FERC Blanket Certificate project cost limitation of $14,000,000, this work is automatically authorized by the applicable regulations and no additional FERC involvement is necessary. *See* 18 C.F.R. § 157.208(a)-(b).

15.

Pursuant to the FERC Certificate, Florida Gas has the right of eminent domain to condemn for the Surface Site Servitude and the Access Servitude, under 15 U.S.C. § 717f(h).

16.

Florida Gas has negotiated or attempted negotiation by agreement with the Owners but has been unable to obtain by contract from Owners the rights necessary to perform the construction, operation, and use of a surface site facility and/or access road.

## **FLORIDA GAS' USE OF THE PROPERTIES**

17.

Florida Gas will use the proposed Surface Site Servitude to install a pig launcher/receiver facility to monitor and protect its existing Pipeline, and Florida Gas will use the proposed Access Servitude to reach the area burdened by the Surface Site Servitude with required equipment. These activities are both necessary for the continued safe operation of the Pipeline, as discussed above.

18.

The proposed Surface Site Servitude will be exclusive. As shown on Exhibit C, the Surface Site Servitude has an approximate acreage of 0.28 acres and is 80 feet by 150 feet in dimension. The portion of the Properties to be burdened by the Surface Site Servitude is owned entirely by the Forest Home Plantation, L.L.C.

19.

The proposed Access Servitude will be non-exclusive. The Access Servitude traverses an existing roadway, named Augusta Road, for approximately 11,000 feet in length, and being

approximately twenty (20') feet in width.  The Forest Home Plantation, L.L.C. and the Murrell Family, L.L.C., independently own portions of Augusta Road as is depicted on Exhibits D and E. In addition, the proposed Access Servitude encumbers undeveloped property for a length of approximately 4200 feet and being approximately thirty (30') feet in width.  (The additional ten (10') feet in width for this subsequent portion of the Access Servitude is required to construct and maintain a new road and road base.)  This underlying property encumbered by this additional portion of the Access Servitude is depicted on Exhibit F and is owned by the Forest Home Plantation, L.L.C.

## **IMMEDIATE POSSESSION**

20.

Coincident herewith, Florida Gas has filed a motion, pursuant to Federal Rule of Civil Procedure 65(a), to confirm its right to condemn and for immediate possession of the property rights at issue, which is incorporated herein by reference in its entirety.

21.

Pursuant to said motion, Florida Gas requests that upon a showing of the necessary prerequisites for preliminary injunctive relief, it be granted immediate possession of the property rights at issue.

22.

Pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1.(j), Florida Gas has deposited into the registry of the Court an amount that represents the sum of the last offers made to Owners. All amounts deposited are in excess of the fair market value of the property rights in question.

## **RULE 71.1(d) NOTICES**

23.

Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to the defendants are attached hereto and submitted to the clerk of court.

WHEREFORE, complainant, FLORIDA GAS TRANSMISSION COMPANY, LLC, prays:

(1) that the notice submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d), be deemed good and sufficient;

(2) that said notice be served on the Owners in a manner afforded by Federal Rule of Civil Procedure 71.1(d)(3);

(3) that its right, with respect to the Properties, to condemn the Servitudes be recognized;

(4) that, with respect to the Properties, it be granted immediate possession of the Servitudes through the issuance of a preliminary injunction;

(5) that the Court thereafter determine, with respect to the Properties, the just compensation to be paid by Florida Gas to the Owners for the Servitudes;

(6) that the Court enter judgment, providing that, with respect to the Properties, upon the deposit into the registry of the Court by Florida Gas of the amount of just compensation determined by the Court, ownership and title of the Servitudes shall vest in Florida Gas, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Owners; and

(7) that it be entitled to all other equitable and legal relief allowed by law.

Respectfully submitted,

*/s/ Matthew D. Simone*
Cheryl M. Kornick (Bar #19652)
Matthew D. Simone (Bar# 32690)
Zachary D. Berryman (Bar# 40278)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108
Email: cmkornick@liskow.com
         mdsimone@liskow.com
         zberryman@liskow.com

***Attorneys for Florida Gas Transmission Company, LLC***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2024 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Matthew D. Simone*