UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC**<br><br>V.<br><br>**8.22 ACRES, MORE OR LESS, SITUATED IN IBERVILLE PARISH, LOUISIANA, MURRELL FAMILY L.L.C, AND FOREST HOME PLANTATION, L.L.C** | **CIVIL ACTION NO.: 3:24-cv-00122-BAJ-RLB**<br><br>**JUDGE: BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR.** |

## REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF CONDEMNATION

NOW INTO COURT, through undersigned counsel, comes Plaintiff Florida Gas Transmission Company, LLC ("Florida Gas"), who respectfully submits this Reply to Defendants' Response to Plaintiff's Notice of Condemnation.[1]

### I.    BACKGROUND

Plaintiff filed its Original Complaint in Condemnation on February 19, 2024 seeking to condemn property owned by the Forest Home Plantation, L.L.C. and the Murrell Family, L.L.C. (collectively "Defendants").[2] Plaintiff then filed the Notice of Condemnation on February 22, 2024.[3] The Original Complaint in Condemnation and the Notice of Condemnation were served on all Defendants on March 1, 2024.[4] However, on February 23, 2024, the Court issued the Amended

---

[1] R. Doc. 22.

[2] *See* R. Doc. 1.

[3] R. Doc. 12.

[4] *See* R. Doc. 16; R. Doc. 17; R. Doc. 18.

1

Scheduling Order, providing the Defendants a deadline of March 14, 2024, to respond to Plaintiff's Notice of Condemnation, and a deadline of March 28, 2024, for Plaintiff to file any responsive briefing.[5] On March 14, 2024, Defendants responded to Plaintiff's Notice of Condemnation.[6]

In their response, Defendants correctly represent that all parties are in active settlement discussions and believe that the parties will resolve this dispute prior to this Court's hearing on Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction,[7] set for May 15, 2024.[8] Because of this, Defendants prayed that the Court "dismiss as moot Plaintiff's *Notice of Condemnation* at Plaintiff's sole cost and expense, award Defendants all fees and costs of court, and for all other and further relief, at law or in equity , to which Defendants are entitled."[9] However, this Court should not dismiss Plaintiff's Notice of Condemnation, and Defendants are not entitled to fees or costs associated with the instant action.

## II.   ANALYSIS

### A.   The Court Should Not Dismiss Plaintiff's Notice of Condemnation

Federal Rule of Civil Procedure 71.1 governs the process of condemning real or personal property. The rule provides that "Notice must be served on all defendants . . . ," and that "On filing a complaint, the plaintiff must promptly deliver to the clerk joint or several notices directed to the named defendants."[10] The Federal Rules further provide strict requirements for the contents and service of the notice.[11] Defendants do not allege that the notice does not comply with all the

---

[5] *See* R. Doc. 14.

[6] *See* R. Doc. 22.

[7] R. Doc. 3

[8] R. Doc. 14.

[9] R. Doc. 22 at 2.

[10] Fed. R. Civ. P. 71.1(c)(4) and 71.1(d)(1)

[11] *See* Fed. R. Civ. P. 71.1(d)

requirements set forth in Rule 71.1, nor do Defendants allege that they were not properly served with the notice. Further, Defendants cite no authority for their prayer to dismiss the notice. Dismissing or striking the Notice of Condemnation would be inappropriate as Plaintiff has adhered to all applicable requirements under Rule 71.1, and striking the notice would create a procedural issue if the matter is not resolved through settlement discussions. The result would be that despite following all requirements of Rule 71.1, Plaintiff would be unable to maintain the instant condemnation action as the record would not reflect the notice requirement was satisfied under Rule 71.1(c) and 71.1(d). Therefore, the Court should reject Defendants' request to dismiss Plaintiff's Notice of Condemnation.

### B.    Defendants Are Not Entitled to Fees and Costs

Defendants are not entitled to the fees and costs of court as prayed. "The 'American rule' ordinarily requires parties to shoulder their own counsel fees and other litigation expenses absent statutory or contractual authority for an alternative allocation."[12] Importantly, Defendants have failed to cite a single law or contractual agreement that would entitle them to fees and costs. Neither the Natural Gas Act or Fed. R. Civ. P. 71.1 provide for recovery of attorneys' fees, and Defendants provide no additional authority to suggest otherwise. As such, this Court should reject Defendants' prayer for fees and costs.

---

[12] *Batson v. Neal Spelce Assocs., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)).

### III.   CONCLUSION

For the reasons stated in the instant Reply, Plaintiff requests that this Court not dismiss Plaintiff's Notice of Condemnation, or grant Defendants' fees and costs of court as prayed in their Response to Plaintiff's Notice of Condemnation.

Respectfully submitted,

*/s/ Matthew D. Simone*_____
Cheryl M. Kornick (Bar#19652)
Matthew D. Simone (Bar# 32690)
Zachary D. Berryman (Bar# 40278)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108
Email: cmkornick@liskow.com
            mdsimone@liskow.com
            zberryman@liskow.com

***Attorneys for Florida Gas Transmission Company, LLC***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing motion has been served upon all counsel of record below by e-filing notice, by placing same in United Sates mail, properly addressed and postage prepaid, and/or by electronic mail this 28th day of March, 2024.

*/s/ Matthew D. Simone*_____