UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC** | **CIVIL ACTION NO.: 3:24-cv-00122-BAJ-RLB** |
| V. | **JUDGE: BRIAN A. JACKSON** |
| **8.22 ACRES, MORE OR LESS, SITUATED IN IBERVILLE PARISH, LOUISIANA, MURRELL FAMILY L.L.C, AND FOREST HOME PLANTATION, L.L.C** | **MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR.** |

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO CONFIRM CONDEMNATION OF SERVITUDES
AND FOR PRELIMINARY INJUNCTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Florida Gas Transmission Company, LLC ("Florida Gas"), who respectfully submits this Reply to Defendants' Response to Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction.[1]

**I.     BACKGROUND**

Plaintiff filed its Original Complaint in Condemnation on February 19, 2024 seeking to condemn property owned by the Forest Home Plantation, L.L.C. and the Murrell Family, L.L.C. (collectively "Defendants").[2] Plaintiff concurrently filed its Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction (the "Motion").[3] Defendants were served with Plaintiff's

---

[1] R. Doc. 19.

[2] *See* R. Doc. 1.

[3] R. Doc. 3.

1

Original Complaint in Condemnation on March 1, 2024.[4] On February 23, 2024, the Court issued the Amended Scheduling Order, providing the Defendants a deadline of March 11, 2024, to respond to Plaintiff's Motion, and a deadline of April 1, 2024, for Plaintiff to file any responsive briefing.[5] On March 11, 2024, Defendants responded to Plaintiff's Motion.[6]

In their response, Defendants correctly represent that all parties are in active settlement discussions and believe that the parties will resolve this dispute prior to this Court's hearing on Plaintiff's Motion,[7] set for May 15, 2024.[8] Because of this, Defendants prayed that "the Court deny Plaintiff's *Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction* as moot . . . ."[9] However, this Court should not deny Plaintiff's Motion as moot, and Defendants are not entitled to fees or costs associated with the instant Motion.

## II.   ANALYSIS

### A.   The Court Should Grant Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction

The Court should grant Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction. A motion for preliminary injunction providing immediate possession of property to a natural gas company may be granted by the court where the court finds the natural gas company has condemnation authority and "can otherwise satisfy the criteria for preliminary

---

[4] *See* R. Doc. 16; R. Doc. 17.

[5] *See* R. Doc. 14.

[6] *See* R. Doc. 19.

[7] R. Doc. 3

[8] R. Doc. 14.

[9] R. Doc. 19 at 2.

injunctive relief."[10] In their response, "Defendants do not oppose or contest Plaintiff's right to condemn the property interests . . . ,"[11] therefore, the Court must only determine whether the Fifth Circuit's four-factor test weighs in favor of granting the preliminary injunction. As stated in Plaintiff's Memorandum in Support of Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction, four factors that the Court must weigh are: (1) substantial likelihood that Plaintiff will prevail on the merits; (2) substantial threat that Plaintiff will suffer irreparable harm if the preliminary injunction is not granted; (3) the threatened injury outweighs the threatened harm; and (4) granting the injunction will not disserve the public interest.[12]

In their response Defendants argue that "during the Parties' February 22, 2024 telephone conference, Plaintiff represented that it did not need 'immediate possession of the servitudes it seeks to acquire and that there was no 'immediate' need to access the property for at least sixty (60) days," and that "Plaintiff also will not suffer irreparable injury if the preliminary injunction is denied."[13] However, this is a mischaracterization of Plaintiff's statements. While Plaintiff did state that it did not require possession for at least sixty days, this was stated in the context of scheduling a hearing on the instant motion. However, for the reasons stated more thoroughly in its memorandum in support of its Motion, Plaintiff maintains that immediate possession following the hearing on the Motion is absolutely necessary as "any delay in granting Florida Gas possession of the servitudes will impede its ability to provide the needed delivery service deemed by the FERC

---

[10] *See* G*ulf Crossing Pipeline Co. LLC v. 86.36 Acres of Land, More or Less, Situated in Caddo, Bossier, Claiborne, Union, Ouachita, Morehouse, Richland & Madison Parishes, La.*, No. 08-CV-689, 2008 WL 2465892, at *4 (W.D. La. June 18, 2008).

[11] *See* R. Doc. 19 at 1.

[12] *See* R. Doc. 3-1 at 10-11 (quoting G*ulf Crossing Pipeline Co.*, 2008 WL 2465892, at *4).

[13] R. Doc. 19 at 2.

to be in the best interest of the public,"[14] and Florida Gas faces a significant risk of reputational harm if it is unable to meet[] its regulatory safety obligations in the community."[15]

Further, Defendants cite no authority for their argument that this Court should deny Plaintiff's Motion at this juncture because there is a chance that at some point in the future before the hearing the issue may become moot if the parties can agree to an amicable resolution. The mere possibility of settlement alone is not enough to deny Plaintiff's Motion,[16] and denying the Motion as moot now would serve only to delay the proceedings if amicable resolution cannot be reached, which is directly contrary to Fed. R. Civ. P. 1. All parties have already spent time and resources preparing for and responding to Plaintiff's Motion, which would necessarily need to be duplicated if the Court denies the Motion now, only to have to refile the Motion in the event that the parties are unable to reach amicable resolution. Instead, the Court should maintain the current hearing date of May 15, 2024, and wait to rule on the Motion until such date.

### B. Defendants Are Not Entitled to Fees and Costs

As previously stated in Plaintiff's Reply to Defendants' Response to Plaintiff's Notice of Condemnation,[17] Defendants are not entitled to the fees and costs of court as prayed. "The 'American rule' ordinarily requires parties to shoulder their own counsel fees and other litigation

---

[14] R. Doc. 3-1 at 12.

[15] *Id.* at 13.

[16] *C.f. Bickham v. United Parcel Serv.*, Inc., No. CV 21-2116, 2022 WL 17814241, at *1 (E.D. La. Dec. 13, 2022) ("the mere possibility of settlement is not good cause to grant modification of the current scheduling order."); *Landry v. W. Ascension Par. Hosp. Serv. Dist.*, No. CV 20-541-BAJ-SDJ, 2022 WL 20298470, at *1 (M.D. La. Oct. 20, 2022) (internal quotations omitted) (quoting *Holder v. Healthcare Serv. Corp.*, No. 18-2704, 2020 WL 95634, at *3 (N.D. Tex. Jan. 8, 2020)) ("engaging in settlement discussions does not constitute good cause for modification of a scheduling order because it does not excuse [the parties'] responsibility to comply with the court-ordered deadlines.").

[17] R. Doc. 25.

4

expenses absent statutory or contractual authority for an alternative allocation."[18] Importantly, Defendants have failed to cite a single law or contractual agreement that would entitle them to fees and costs. Neither the Natural Gas Act or Fed. R. Civ. P. 71.1 provide for recovery of attorneys' fees, and Defendants provide no additional authority to suggest otherwise. As such, this Court should reject Defendants' prayer for fees and costs.

### III.   CONCLUSION

For the reasons stated in the instant Reply, Plaintiff requests that this Court not deny Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction, or grant Defendants' fees and costs of court as prayed in their Response to Plaintiff's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction.

Respectfully submitted,

*/s/ Matthew D. Simone*_____
Cheryl M. Kornick (Bar# 19652)
Matthew D. Simone (Bar# 32690)
Zachary D. Berryman (Bar# 40278)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: 504-581-7979
Facsimile: 504-556-4108
Email: cmkornick@liskow.com
          mdsimone@liskow.com
          zberryman@liskow.com

***Attorneys for Florida Gas Transmission Company, LLC***

---

[18] *Batson v. Neal Spelce Assocs., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)).

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the above and foregoing motion has been served upon all counsel of record below by e-filing notice, by placing same in United Sates mail, properly addressed and postage prepaid, and/or by electronic mail this 1st day of April, 2024.

               */s/ Matthew D. Simone*